Maynard v. Pigford

---

---

CHARLES ALBERT MAYNARD v. MARY CLAYTOR PIGFORD

No. 728DC595

(Filed 20 December 1972)

Automobiles § 90— instructions — failure to apply law to evidence

The trial court erred in merely instructing the jury that defendant was negligent if she improperly passed the plaintiff's automobile, failed to maintain a proper lookout or drove carelessly and recklessly without giving the jury further instructions on what would constitute improper passing, failure to maintain a proper lookout or careless and reckless driving. G.S. 1A-1, Rule 51.

APPEAL by defendant from *Hardy, District Court Judge,* 27 March 1972 Session of District Court held in LENOIR County.

Plaintiff seeks to recover for damages to his automobile sustained in a collision with defendant's automobile on 4 November 1971. Issues of negligence, contributory negligence, and damages were submitted. The jury rendered its verdict favorable to plaintiff and awarded damages in the sum of $400.00. Defendant appealed.

*Harvey W. Marcus, for the plaintiff.*

*White, Allen, Hooten & Hines, by John R. Hooten, for the defendant.*

BROCK, Judge.

Defendant assigns as error various portions of the trial judge's instructions to the jury.

In the opening and general explanatory instructions to the jury, the judge explained that plaintiff alleged that defendant was negligent in certain respects and that defendant alleged

that plaintiff was contributorily negligent in certain respects. He then generally defined negligence, contributory negligence, proximate cause, reasonable care, and due care. He then instructed the jury as follows:

> "Now, as to the first issue the Court instructs you that if plaintiff has fulfilled the responsibility cast upon him by the law to the extent that the evidence by its quality and convincing force has satisfied you by the greater weight of the evidence that at the time and place complained of that the defendant was negligent either in that she passed the automobile of the defendant improperly or she failed to maintain a proper lookout or she drove carelessly and recklessly; if the plaintiff has proved either of these things then and that either one or all of these was the proximate cause of the collision between the parties and cause for which it would not have taken place, then it would be your duty to answer this first issue in favor of the plaintiff and answer it 'yes.' "

The trial judge failed to explain to the jury what would constitute "proper" or "improper" passing, or what would constitute maintaining a proper lookout, or what would constitute driving carelessly and recklessly. In failing to give the jury guidance upon these questions, he gave it a free hand to decide for itself what "proper" passing was, what maintaining a proper lookout was, and what careless and reckless driving was. G.S. 1A-1, Rule 51 requires the judge to explain the application of law to the evidence in the case.

The trial judge fell into the same error with respect to the contributory negligence issue.

In this case, the trial judge failed to relate any of his instructions to the evidence in the case. The trial judge is not required to review all of the evidence, but he must summarize it sufficiently to permit him to explain the application of the law thereto. Rule 51, *supra*.

New trial.

Chief Judge MALLARD and Judge BRITT concur.