GARLAND L. KIGHT d/b/a NORFOLK MARINE COMPANY v. LANCE HARRIS AND WAHOO-SPORTSMAN, INC.

No. 761DC859

(Filed 4 May 1977)

**Evidence § 29— verified statement of account — inadmissibility of items**

In an action to recover for goods allegedly sold and delivered to defendant corporation and the corporation's sole shareholder, the trial court did not err in finding that certain invoices introduced by plaintiff did not show that any of the officers, directors or agents of defendant corporation purchased, charged or received any goods from plaintiff where some of the invoices were not signed or the signature was illegible; a second group of invoices was signed by a person who was neither an officer nor an employee of defendant corporation; and one invoice was signed by an employee of defendant corporation who had no authority to purchase or charge goods for the corporation.

APPEAL by plaintiff from *Beaman, Judge.* Judgment entered 13 July 1976 in District Court, DARE County. Heard in the Court of Appeals 13 April 1977.

This action was brought by plaintiff to recover $1,493.55, plus interest, for goods allegedly sold and delivered to defendants, Wahoo-Sportsman, Inc., and Lance Harris, the corporation's sole shareholder. Defendants denied all material allegations including receipt of the goods. At trial plaintiff introduced an exhibit, representing an itemized verified statement of account. This exhibit consisted of two verified pages from a ledger, listing credit entries by date and invoice number, and a large number of verified sales invoices which corresponded to all but three of the invoice numbers on the ledger.

Plaintiff also called defendant Harris as an adverse witness. Harris testified that he never authorized the purchase of any goods from plaintiff, and that he never authorized anyone to charge items either to his own account or to the corporate account. He testified that he incorporated Wahoo-Sportsman, Inc., about 1972, and that he became president of the company in 1974. Harris also said that he had no knowledge of what the previous officers of the company might have done before he became president, but that they were forbidden by the corporate by-laws to charge anything. Plaintiff rested. Defendants offered no evidence.

Kight v. Harris

The case was tried without a jury. At the close of the evidence the court dismissed with prejudice the complaint against Harris. Then the court found that some, but not all, of the invoices proved debts owed by Wahoo-Sportsman, Inc., and judgment was accordingly entered in favor of plaintiff for $939.15, the total of the amounts of the invoices which the court determined to be admissible.

Numerous findings of fact were made by the trial court, including the following:

"6. The plaintiff sold and delivered to the defendant, Wahoo-Sportsman, Inc., various articles of merchandise for which the plaintiff has not been paid and which are evidenced by certain invoices as follows:

| Date | Invoice No. | Signed by | Amount |
| --- | --- | --- | --- |
| 1/28/74 | 41942 | Bob Sullivan | $   2.60 |
| 1/28/74 | 41941 | Bob Sullivan | 124.80 |
| 3/11/74 | 42520 | Bob Sullivan | 110.24 |
| 3/15/74 | 55919 | Bob Sullivan | 92.73 |
| 3/11/74 | 46634 | Bob Sullivan | 4.00 |
| 3/20/74 | 55820 | Bob Sullivan | 14.42 |
| 3/20/74 | 55811 | Bob Sullivan | 134.37 |
| 3/20/74 | 55810 | Bob Sullivan | 44.53 |
| 4/ 4/74 | 52939 | James Curling | 29.60 |
| 5/ 9/74 | 45897 | Bob Sullivan | 140.69 |
| 5/ 6/74 | 46799 | Bob Sullivan | 61.90 |
| 5/ 9/74 | 45898 | Bob Sullivan | 23.48 |
| 5/24/74 | 45960 | Bob Sullivan | 75.40 |
| 5/24/74 | 60356 | Lance Harris | 77.83 |
| 5/24/74 | 47761 | Bob Sullivan | 2.56 |
| | | Total | $939.15 |

7. The additional invoices introduced by the plaintiff do not indicate that any of the officers, directors or agents of the defendant, Wahoo-Sportsman, Inc., purchased, charged or received any items of merchandise.

8. No one other than the officers or directors of defendant, Wahoo-Sportsman, Inc., had authority to purchase or charge any merchandise with Norfolk Marine Company or plaintiff."

Plaintiff appealed.

*McMullan & Knott, by Lee E. Knott, Jr., for plaintiff appellant.*

*Twiford, Seawell, Trimpi & Thompson, by Christopher L. Seawell, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that judgment should have been entered for the total amount represented by the statement of account, $1,906.97. He argues that the verified statement of account which was offered into evidence was unrefuted by any other evidence, and he relies on G.S. 8-45:

> "In actions instituted in any court of this State upon an account for goods sold and delivered . . . , a verified itemized statement of such account shall be received in evidence and shall be deemed prima facie evidence of its correctness."

In finding of fact number six the court found that plaintiff "sold and delivered" to Wahoo-Sportsman, Inc., various goods which the court listed by invoice numbers and which the court found were respectively signed by Bob Sullivan and James Curling, former officers of Wahoo-Sportsman, Inc., and one invoice signed by Harris, the sole stockholder. In finding number seven the court found that the additional invoices introduced by plaintiff did not show "that any of the officers, directors or agents of the defendant Wahoo-Sportsman, Inc., purchased, charged or received" any goods from plaintiff. And in finding number eight the court found that no one except officers or directors of the defendant corporation had authority "to purchase or charge" any merchandise with plaintiff.

The court's findings are supported by competent evidence, and they are thus binding on appeal.

An examination of the invoices indicates that all of the invoices contain a space for the "Customer's Signature" which also provides: "Order Received in Good Condition as Stated Above." In a large number of the invoices contained in plaintiff's exhibit there is either no signature in the space provided or the signature is illegible. Neither plaintiff nor any of plaintiff's employees testified, and there is no other evidence in the

record tending to show to whom the goods listed on these invoices were sold or delivered. The court properly disregarded this group of invoices. To make out a prima facie case under G.S. 8-45 the account not only must be properly verified and itemized, it must also be stated so as to show an indebtedness. *See Knight v. Taylor,* 131 N.C. 84, 42 S.E. 537 (1902).

A second group of invoices purporting to show that merchandise was sold and delivered to Wahoo-Sportsman, Inc., were all signed by one Throckmorton, who, according to the evidence in the record, was neither an officer nor employee of Wahoo-Sportsman, Inc. He was the employee of a person whose boat was at the time in storage at the Wahoo-Sportsman premises, and there is no evidence tending to show that Throckmorton had authority to order or accept goods for Wahoo-Sportsman, Inc. There is not even evidence to show that Throckmorton was held out to be an agent so as to raise the question of his apparent authority to buy or receive goods for Wahoo-Sportsman, Inc. Throckmorton's signature on this group of invoices provides no evidence that the goods listed on the invoices were sold or delivered to Wahoo-Sportsman, Inc.

A single invoice was signed by Randolph Thomas, an employee of Wahoo-Sportsman. However, evidence supports the finding that only officers and directors had authority to purchase or charge goods, and Thomas was neither an officer nor a director. The uncontradicted evidence, in fact, is that Thomas had no authority to purchase or charge goods for Wahoo-Sportsman.

The remaining invoices were signed either by officers of the corporation, Sullivan and Curling, or the sole stockholder, Harris. This is evidence supporting the finding that the goods itemized by the invoices signed by Sullivan, Curling and Harris were sold and delivered to Wahoo-Sportsman, Inc.

Plaintiff's second contention, that the court erred in dismissing the action against Harris, is untenable. Plaintiff argues that Wahoo-Sportsman, Inc. was the *alter ego* of Harris, who caused work to be done on his personal property by his solely owned corporation. However, there is no evidence to show that Harris treated Wahoo-Sportsman, Inc. as a mere *alter ego,* and dismissal of the action as to Harris was proper.

Judgment of the trial court is

Affirmed.

Judges MORRIS and HEDRICK concur.