EDWARD I. GREENE, INDIVIDUALLY AND D/B/A GREENE ASSOCIATES v. WILLIAM H. MURDOCK AND WIFE, MARIE D. MURDOCK

No. 8014SC988

(Filed 1 September 1981)

### 1. Contracts § 27.2— breach of contract—verdict not inconsistent

In an action to recover damages for defendants' failure to pay plaintiff a commission of $10,000 per year for 25 years from the "net profit" from a lease to S. S. Kresge Co. from defendant, there was no merit to defendants' contention that the trial court erred in accepting the verdict as to the third issue, whether defendant had violated a legal duty to plaintiff by obtaining secondary financing of $250,000 payable at ten percent interest over a ten year period, after the jury had answered the second issue, whether there was an agreement between the parties that the $250,000 loan to cover excess expenses was to be financed in such a way as to allow the payment of a commission to the plaintiff, in favor of defendant, since the two issues were not inconsistent, and defendant could have been under a legal duty not to obtain secondary financing in such a way as to prevent him from paying plaintiff a commission without specifically agreeing not to do so.

### 2. Trial § 45— method of accepting verdict

Where the jury had deliberated for some time, returned to the courtroom and requested further instructions on the fourth issue, the trial court inquired as to whether they had answered the first three issues, the jury replied that they had done so and the court took the verdict as to the first three issues, and the court then allowed the attorneys to argue the fourth issue, which pertained to damages, and gave additional instructions on this issue, the trial court did not abuse its discretion in following this procedure in light of the complicated issues involved in the case, particularly the difference in calculating damages depending upon how the jury had answered the second and third issues.

### 3. Principal and Agent § 1— lease—husband not agent for wife

In an action to recover damages for defendants' failure to pay plaintiff commissions for a lease to S. S. Kresge Co. from defendants, there was no merit to plaintiff's contention that defendant husband acted as defendant wife's agent in agreeing to pay the commission, since defendant wife did not have a sufficient interest in the lease for her husband to act as her agent in

negotiating it in that she received no income from the lease, and defendant husband testified that the only reason for her name appearing was to satisfy the lessee.

**4. Contracts § 21.3— commission for negotiating lease—anticipatory breach—insufficiency of evidence**

In an action to recover damages for defendants' failure to pay plaintiff a commission of $10,000 per year for 25 years from the "net profit" from a lease to S. S. Kresge Co. from defendants, the trial court properly directed verdict for defendants on plaintiff's claim for the present worth of commissions payable over the unexpired term of the lease, and there was no merit to plaintiff's contention that defendants made an anticipatory breach of the contract in that, by putting a second deed of trust on the property, they made it impossible to make future payments, since, by making the loan secured by a second deed of trust, defendants did not necessarily make it impossible to carry out their obligation to pay commissions in the future.

**5. Accounts § 2— commission for negotiating lease—no account stated**

In an action to recover damages for defendants' failure to pay plaintiff a commission for negotiation of a lease between defendants and a third party, evidence was insufficient to require submission to the jury of an issue as to an account stated.

APPEAL by plaintiff and defendant from *Battle, Judge.* Judgment entered 15 February 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 28 April 1981.

The plaintiff brought this action for damages for the defendants' failure to pay what the plaintiff alleged were commissions owing to him for a lease he negotiated for defendants with S. S. Kresge Company in 1971. At the trial it was undisputed that the defendant William H. Murdock agreed to pay the plaintiff a commission of $10,000.00 per year for 25 years from the "net profit" from a lease to Kresge from the defendants. The dispute was as to how "net profit" was to be calculated. Under the terms of the lease, Kresge was to pay an annual rent of $270,000.00 plus one percent of gross sales in excess of $8,000,000.00. Each party agreed that in calculating net profit certain items were to be deducted from the gross annual rental from Kresge including payments on a first mortgage loan, ground rent, insurance and maintenance.

The dispute between the parties is in regard to the payments on a second mortgage loan in the amount of $250,000.00 which was made because of unexpected expenditures which had been incurred in the construction of the project. The plaintiff testified

that the defendant Murdock had agreed to finance the payment of these expenditures in such a way as to have sufficient "net profit" to pay the plaintiff. The plaintiff testified that the defendant Murdock could have borrowed the money to be secured by the second deed of trust for a longer term which would have made money available from the rent to pay the plaintiff his commission.

The defendant William H. Murdock testified he had not agreed with the plaintiff as to any type of secondary loan secured by the property; that unexpected expenditures had occurred in the construction of the project; that he had to place the second deed of trust on the property in order to pay these expenses and they were proper deductions from the gross annual income in order to determine "net profit." The plaintiff has received a total of $2,500.00 in commissions, which was paid in 1974. William H. Murdock contended this was all that plaintiff was entitled to receive as commissions until the time of trial.

At the close of the plaintiff's evidence the court directed a verdict in favor of the defendant Marie D. Murdock. The court also directed a verdict in favor of the defendant William H. Murdock as to commissions that had not accrued. The court submitted an issue as to whether the parties made an agreement for the defendant William H. Murdock to pay a commission to the plaintiff which the jury answered favorably to the plaintiff. The court also submitted an issue as to whether the parties had agreed that the $250,000.00 second deed of trust loan was to be financed in such a way as to allow sufficient income to pay commissions to the plaintiff. The jury answered this issue in favor of the defendant. The court submitted a third issue as to whether the defendant violated any legal duty owed the plaintiff by obtaining the secondary financing of $250,000.00 payable at ten percent interest over a ten-year period which issue was answered favorably to the plaintiff. The jury answered the damage issue in the amount of $45,875.30.

The court entered judgment on the verdict and both sides appealed.

*Newsom, Graham, Hedrick, Murray, Bryson and Kennon, by Josiah S. Murray, III and Joel M. Craig, for plaintiff appellant and appellee.*

*Claude V. Jones for defendant appellant and appellee, William H. Murdock and defendant appellee Marie D. Murdock.*

WEBB, Judge.

## MURDOCK'S APPEAL

William H. Murdock's first assignment of error is to the court's denial of his motion for a directed verdict at the close of the evidence. He contends the testimony was so vague and contradictory that the jury could not answer the issues. We believe the evidence was sufficient for the jury to answer the issues. Contradictions in the plaintiff's evidence were to be resolved by the jury. *See* 12 Strong's N.C. Index 3d, *Trial* § 21.2 and the cases cited in footnote 78. This assignment of error is overruled.

[1] The defendant William H. Murdock's second assignment of error is to the court's accepting the verdict as to the third issue after the jury had answered the second issue in favor of the defendant. The jury found by its answer to the second issue that there was not an agreement between the parties that the $250,000.00 loan to cover excess expenses was to be financed in such a way as to allow the payment of a commission to the plaintiff. The jury by its answer to the third issue found the defendant had violated a legal duty to the plaintiff by obtaining secondary financing of $250,000.00 payable at ten percent interest over a ten-year period. The defendant William H. Murdock contends the answers to these two issues were inconsistent. He argues that if there were no agreement for the defendant Murdock not to obtain secondary financing it was inconsistent for the jury to hold that he had breached a legal duty by obtaining such financing. We do not believe these issues are inconsistent. The defendant William Murdock could have been under a legal duty not to obtain secondary financing in such a way as to prevent him from paying the plaintiff a commission without specifically agreeing not to do so. If the defendant William H. Murdock, in violation of a duty to pay plaintiff commissions from the rent on the property made a loan secured by a second deed of trust on the property so that there was no net profit from which to pay the plaintiff's commission, he

violated a duty to the plaintiff and is liable for breach of contract. *See* 17 Am. Jur. 2d *Contracts* § 453 (1964). The defendant Murdock's second assignment of error is overruled.

The defendant's third assignment of error is to the charge of the court. He has brought forward under one assignment of error eight different exceptions. We shall discuss some of them. He first takes exception to the charge to the jury that if they answered the second issue "yes", all the evidence shows the amount of the commissions due to be $73,303.86. The jury answered the second issue "no." We find no prejudicial error in this instruction.

The defendant's next exception to the charge is to a statement made by the court while the jury was not in the courtroom. We find no error in this.

The defendant next takes exception to a portion of the charge in which the court recited some of the evidence of the plaintiff. He contends the court should have recited some evidence of the defendant on the same point. No request was made that this additional evidence be given. We find no error. *See Maynard v. Pigford*, 17 N.C. App. 129, 193 S.E. 2d 293 (1972).

The defendant's next exception is to a portion of the charge on the damage issue. The court instructed the jury that the defendant would not be entitled to deduct the payment on the $250,000.00 loan repayable in ten years at ten percent interest but would only be entitled to such deduction as the jury found would be appropriate based on the defendant having used reasonable diligence to obtain a loan at the best interest rate possible and payable over the longest period of time available up to 24 years. The defendant contends this instructed the jury that they could not consider the payments on the loan secured by the second deed of trust. This portion of the charge dealt with damages. When the jury came to a consideration of damages, it meant they had already found the defendant had acted unreasonably in making the second deed of trust and these payments would not be for the jury's consideration. We find no error in this instruction.

The defendant's next exception is to a portion of the charge in which the court instructed the jury that the commissions would not exceed the net income after deduction of the items the agree-

Greene v. Murdock

ment provided for which were $16,000.00 in ground rent; insurance premiums; expenses for maintenance of the parking lot, roof and exterior walls; and payments on the first mortgage indebtedness. The defendant appellant contends that this portion of the charge was in error because the court did not instruct as to principal and interest payments on the $250,000.00 indebtedness. Following the portion of the charge to which the defendant takes exception, the court charged the jury they would also deduct from the gross rent in arriving at net profits what would be a proper payment on a second mortgage of $250,000.00 had reasonable diligence been used to obtain the best interest rate possible and the most favorable number of years up to 24 years. We believe this additional instruction cured any error to the charge to which this exception was taken.

The defendant's next exception is to the court's charging the jury that they would deduct from the gross rent in arriving at net profits what would be a proper payment on an indebtedness secured by a second deed of trust of $250,000.00 had reasonable diligence been used to obtain the best interest rate possible and the most favorable number of years up to 24 years. The defendant contends there was no evidence to support this portion of the charge. We find no merit in this exception.

We have examined the defendant's other exceptions to the charge. We hold they are without merit.

[2] The defendant's next assignment of error deals with the way in which the court took the verdict. After the jury had deliberated for some time, they returned to the courtroom and requested further instructions on the fourth issue. The court then inquired as to whether they had answered the first three issues. The jury replied they had done so and the court took the verdict as to the first three issues. The court then allowed the attorneys to argue the damage issue and gave additional instructions on this issue. The defendant excepted to this procedure. In light of the complicated issues involved in this case and particularly the difference in calculating damages depending on how the jury had answered the second and third issue, we do not believe the court abused its discretion in following this procedure. *See Southern National Bank v. Pocock*, 29 N.C. App. 52, 223 S.E. 2d 518 (1976) and *Rupert v. Rupert*, 15 N.C. App. 730, 190 S.E. 2d 693 (1972).

The defendant's last two assignments of error are to the court's overruling his motions to set aside the verdict as to the fourth issue and for judgment notwithstanding the verdict. These two assignments of error are overruled.

We find no error as to the appeal of the defendant William H. Murdock.

### GREENE'S APPEAL

**[3]** The plaintiff's first assignment of error deals with the court's directing a verdict against him on his claim against Marie D. Murdock, the wife of William H. Murdock. The plaintiff offered evidence of circumstances, such as allowing William H. Murdock to negotiate the lease and then signing it when it was presented to her, which he contends is sufficient for a jury to find he acted as her agent in agreeing to pay the commission. He argues further that the jury could also find she clothed her husband with apparent authority to agree to the commissions or ratified his act in doing so.

The difficulty we have with the plaintiff's position is that Marie D. Murdock did not have a sufficient interest in the lease for husband to act as her agent in negotiating it. All the evidence shows that Marie Murdock did not own the land and she does not receive any income from the lease executed with Kresge. The property had been owned by her father-in-law and after his death, it was conveyed by the trustee under his will to her husband's children by a previous marriage. In order to make the lease with Kresge, her husband's children leased the property to her and her husband. Her husband and she then leased the property to Kresge. The income from the lease was to be divided between her husband and his three children with all income going to the children after the death of her husband. William H. Murdock testified the only reason for her name appearing was to satisfy the lessee. We do not believe Marie D. Murdock had a sufficient interest in the project for William H. Murdock to have acted as her agent in agreeing to pay commissions to the plaintiff. The plaintiff's first assignment of error is overruled.

**[4]** The plaintiff's second assignment of error deals with the directed verdict against him on his claim for the present worth of commissions payable over the unexpired term of the lease. The

plaintiff contends the defendant made an anticipatory breach of the contract in that by putting the second deed of trust on the property he had made it impossible to make future payments. For this reason he contends he is entitled to sue for future commissions. *See* 3 Strong's N.C. Index 3d, *Contracts* § 21.3 (1976) on anticipatory breach. The difficulty with plaintiff's argument is that by making the loan secured by a second deed of trust, Mr. Murdock had not necessarily made it impossible to carry out his obligation to pay commissions in the future. The loan secured by the second deed of trust was to be paid in ten years. At that time, which would still leave fifteen years of payment of commissions to the plaintiff, the "net profit" would be sufficient if the annual income and deductions were the same to pay the plaintiff his full commission in those years. The commissions could vary as the deductions from gross rent varied. There was also a provision in the lease with Kresge that the lessors would receive one percent of gross sales over $8,000,000.00. This could cause the gross income to be enough to pay the commissions if the payments on the second deed of trust were as contended for by William H. Murdock. In that case there would not be an anticipatory breach. We hold the court did not err in directing a verdict for the defendants on the plaintiff's claim for the present worth of future commissions. *See Ross v. Perry*, 281 N.C. 570, 189 S.E. 2d 226 (1972) and *Gouger & Veno, Inc. v. Diamondhead Corp.*, 29 N.C. App. 366, 224 S.E. 2d 278 (1976). The plaintiff's second assignment of error is overruled.

[5] In his third assignment of error the plaintiff contends the court erred in not submitting to the jury an issue as to an account stated. An account stated is a contract based on an agreement between two parties that an account rendered by one of them to the other is correct. Once this agreement is made the account stated constitutes a new and independent cause of action superseding and merging the antecedent cause of action. One method of proving an account stated is the retention without objection by the party receiving the statement of account for such a period of time that the jury could infer that by not objecting, he has agreed to it. *See Mahaffey v. Sodero*, 38 N.C. App. 349, 247 S.E. 2d 772 (1978). The plaintiff contends that he sent several statements of account to the defendant to which the defendant did not object, and the jury could infer from this that he had

agreed to these statements as being correct. We hold that from correspondence and testimony as to the conversations between the parties, there could not be an inference that Mr. Murdock ever agreed the accounts were correct. The plaintiff's third assignment of error is overruled.

In the plaintiff's appeal we find no error.

No error.

Judges HEDRICK and ARNOLD concur.