SANTORA, McKAY & RANIERI v. EUGENE FRANKLIN, AND WIFE, SOPHIA
FRANKLIN

No. 8528SC559

(Filed 4 March 1986)

1. **Evidence § 27— telephone conversation—admissible**
   The trial court did not err in an action on an account stated by a law firm against two clients by admitting testimony regarding the content of a telephone conversation allegedly placed by one defendant to an attorney within the firm. Information was conveyed by the caller regarding the lawsuit which disclosed knowledge of facts known peculiarly to defendant and thereafter used by the attorney to frame a motion to vacate a judgment; there was uncontradicted evidence of at least one and possibly two other telephone conversations between the witness and the same person identified as defendant regarding the same lawsuit; one of those calls was placed by the witness to defendant at one of the three numbers given to the attorney by the North Carolina lawyer who initially referred defendants to the New York firm; and correspondence between the witness and defendant which referred to the telephone conversations was admitted without objection.

2. **Accounts § 2— action on account stated—testimony concerning underlying lawsuit—relevant background information**
   The trial court did not err in an action on an account stated by a New York law firm against a client by admitting testimony regarding the subject matter of the New York lawsuit. The testimony provided needed background

information pertaining to the dispute in issue and was not prejudicial. N.C.G.S. 8C-1, Rule 401.

**3. Accounts § 2— accounts stated by implied agreement—evidence sufficient to support instruction**

There was sufficient evidence to support an instruction on an account stated by implied agreement where defendants admitted receiving two statements sent by plaintiff law firm for fees in a New York lawsuit; the record reveals no objection by defendants prior to the institution of this action two and a half years after receipt of the first statement and one and one-fourth years after receipt of the second; one defendant's letters to an attorney in plaintiff law firm indicated a willingness to pay the amount shown as due; and defendant requested an extension of time to make the payment rather than objecting to the amount. N.C.G.S. 8-45.

**4. Accounts § 2— statement of account not verified—admissible as business record exception**

In an action on an account stated by a law firm against a client, the court erred by instructing the jury on an account stated pursuant to N.C.G.S. 8-45 where the two statements attached to the complaint were not properly verified. However, the error was harmless because the evidence was admissible under the business records exception to the hearsay rule and the jury was correctly instructed on the law pertaining to an account stated by implied agreement.

**5. Accounts § 2— account stated—admitted in complaint—failure to object to statements on account**

There was a basis for establishing an indebtedness against defendant Eugene Franklin where defendants' answer admitted that legal services were rendered for defendants, both statements on account were sent to Sophia and Eugene Franklin, and Eugene Franklin failed to object.

APPEAL by defendants from *Gaines, Robert E., Judge.* Judgment entered 4 February 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 20 November 1985.

On 2 March 1984, plaintiff instituted this action, alleging in its complaint as follows: that plaintiff is a partnership organized and existing under the laws of the State of New York; that plaintiff is the successor partnership to Santora, Shenkman & Kushel; that plaintiff, by and through its predecessor, rendered services in connection with a legal action, namely *Cooper Funding, Ltd. v. Eugene Franklin and Sophia Franklin,* in the United States District Court of the Southern District of New York; that predecessor law firm rendered services on behalf of defendants in connection with this legal action totaling $10,247.57; and that despite demand made upon defendants, defendants had refused to

pay; wherefore $10,247.57 constituted an account stated. Plaintiff attached two statements to the complaint: one dated 21 September 1981 for services from 22 May through 31 August 1981, totaling $8,429.17, minus $700.00 previously paid on account by defendants, for a total due of $7,729.17 and one dated 16 December 1982 for services from 1 September 1981 through 30 November 1982 for a total due of $2,518.40. In their answer defendants admitted that the firm of Santora, Shenkman & Kushel had rendered services on their behalf in regard to the New York action and admitted that the statements attached to plaintiff's complaint "appeared to be true copies of statements previously submitted to Defendants by the law firm of Santora, Shenkman & Kushel."

On 30 January 1985, the matter was tried before a jury. To the first issue submitted, "Was the account between Sophia and Eugene Franklin and Santora, McKay & Ranieri an account stated?" the jury answered yes. To the second issue regarding what amount, if any, was owed, the jury answered $10,247.57. On 4 February 1985, judgment was entered accordingly. Defendants appeal.

   *Shuford, Best, Rowe, Brondyke & Orr, by Robert F. Orr, for plaintiff appellee.*

   *Baley, Baley, Clontz & Schumacher, P.A., by Stanford K. Clontz, for defendant appellants.*

   JOHNSON, Judge.

[1] In defendants' first Assignment of Error, defendants contend the court committed reversible error by admitting testimony regarding the content of a telephone conversation allegedly placed by defendant Sophia Franklin to witness Robert McKay, an attorney with plaintiff law firm. We agree with defendants that when there is no other evidence to authenticate the identity of the speaker who placed the call except that he states his name, the evidence is inadmissible as hearsay. *Everette v. Lumber Co.,* 250 N.C. 688, 110 S.E. 2d 288 (1959). However, it is not necessary that proof of the identification be made before the introduction of the evidence of the conversation. *Id.* Identity of the caller may be established by direct or circumstantial evidence, *id.,* anytime throughout the development of the case, *State v. Strickland,* 229

N.C. 201, 208, 49 S.E. 2d 469, 474 (1948). Identification of the caller can also be established by evidence that the caller disclosed knowledge of facts known peculiarly to him. Rule 901 commentary Example (4), N.C. Rules Evid.; 1 H. Brandis on N.C. Evidence, sec. 96 (Supp. 1983). The evidence is of course greatly strengthened when a combination of circumstances can be shown. 1 H. Brandis, *supra*, at sec. 96 (rev. 2d ed. 1982).

Applying these principles to the case at bar, there is ample circumstantial evidence throughout the development of the case to identify defendant Sophia Franklin as the caller in question. Information was conveyed by the caller regarding the lawsuit pending in New York which disclosed knowledge of facts known peculiarly to defendant Sophia Franklin and thereafter used by Robert McKay to frame the motion to vacate the judgment entered in New York. This circumstantial evidence regarding defendant Sophia Franklin's identity is strengthened by the un-contradicted testimony that at least one, and possibly two, other telephone conversations took place between the witness and the same person identified on the telephone as Sophia Franklin regarding the same New York lawsuit. Further, one of these calls was placed *by* witness McKay *to* defendant Sophia Franklin at one of three phone numbers given to Robert McKay by Robert Long, the North Carolina attorney who referred defendants to the New York law firm. Admitted into evidence with no objections was a correspondence that took place between the witness Robert McKay and defendant Sophia Franklin, which made reference to previous telephone conversations between the two. This Assignment of Error is overruled.

[2] Defendants next contend the court committed reversible error by admitting into evidence witness Robert McKay's testimony regarding the subject matter of the New York lawsuit. Specifically, defendants except to the following testimony as irrelevant:

> Q. Could you explain the situation in regard to the lawsuit against Mr. and Mrs. Franklin about which you were contacted?
>
> A. Yes. Mr. and Mrs. Franklin had signed what is called an equipment lease—
>
> MR. CLONTZ: Objection. I don't think that's relevant to anything that's alleged in this Complaint.

COURT: Overruled; go ahead.

A. —pursuant to which they were going to lease two Peterbilt tractors which they wanted to use for the purpose of hauling coal in their business, and the lease required them to make—

MR. CLONTZ: Objection, your Honor.

COURT: Overruled.

A. —required them to make monthly payments to this company in New York that had financed the purchase or the transaction.

Defendants objected for the first time on appeal in appellants' brief on the grounds of hearsay. A specific objection, if overruled, will be effective only to the extent of the ground specified. *State v. Jones*, 293 N.C. 413, 238 S.E. 2d 482 (1977). Hence, on review we need inquire only as to whether the testimony admitted against objection was inadmissible on the grounds of relevancy.

A strong showing must be made to reverse if the only ground asserted is irrelevance. *Broyhill v. Coppage*, 79 N.C. App. 221, 339 S.E. 2d 32 (1986). *See* Rule 401, N.C. Rules Evid. Evidence which is essentially background in nature is universally offered and admitted as an aid to understanding. Rule 401 commentary, N.C. Rules Evid. The challenged testimony addressed the substance of the New York lawsuit from which this action for attorneys' fees arose and, as such, provided needed background information pertaining to the dispute at issue. Moreover, the testimony was not prejudicial. This Assignment of Error is overruled.

[3] Next defendants challenge the jury instructions tendered by the court to the jury on the issue of an account stated. Defendants contend that there was insufficient evidence to support an instruction on an account stated because neither the statements nor the computer printouts constitute a verified itemized statement of an account as required by G.S. 8-45. We have reviewed the jury charge in its entirety. The jury received instructions regarding two separate legal theories of an account stated, to wit: an account stated by an implied agreement and an account stated pursuant to G.S. 8-45.

"An account stated is a contract based on an agreement between two parties that an account rendered by one of them to the other is correct." *Greene v. Murdock*, 53 N.C. App. 552, 559, 281 S.E. 2d 443, 448 (1981). "The agreement may be either an express agreement or it may be an agreement implied by failure to object within a reasonable time after the other party has calculated the balance and submitted a statement of the account." *Mazda Motors of America, Inc. v. Southwestern Motors, Inc.*, 36 N.C. App. 1, 18, 243 S.E. 2d 793, 804, *disc. rev. allowed*, 295 N.C. 466, 246 S.E. 2d 9 (1978), *aff'd in part, rev'd in part*, 296 N.C. 357, 250 S.E. 2d 250 (1979). "Ordinarily what is a reasonable time is a question for the jury." *Teer Co. v. Dickerson, Inc.*, 257 N.C. 522, 532, 126 S.E. 2d 500, 508 (1962).

In the case *sub judice*, the court's statement of the law contained in the jury instructions pertaining to this first theory submitted, the theory that an account stated can arise by an implied agreement, was correct. Further, there was sufficient evidence to warrant the submission of instructions under this theory to the jury. Defendants admit to receiving two statements sent by the law firm for fees totaling $10,247.57, one dated 21 September 1981 for $7,729.17 and one dated 16 December 1982 for $2,518.40. The record reveals no objection by defendants prior to the institution of this action by plaintiff law firm on 2 March 1984, approximately two and one half years after receipt of the first statement and one and one fourth years after receipt of the second statement. In defendant Sophia Franklin's letters to attorney Robert McKay she indicated a willingness to pay the amount shown as due. Rather than objecting to the amount, she requested an extension of time to make the payment. From the pleadings, correspondence and testimony there is ample evidence to show an account stated resulted from an implied agreement to pay by failure to object. This charge to the jury was proper.

[4] Defendants' specific objection pertains to the jury instruction under the second theory of an account stated, that is, an account stated pursuant to G.S. 8-45. The pertinent portion of the challenged jury charge is as follows:

Now, members of the jury, the law provides in Chapter 8, Section 45 of the statutes of the State of North Carolina that in an action instituted in any court of this state upon an ac-

count for services rendered, a verified, itemized statement of such account shall be deemed prima faci[e] evidence of its correctness. Now, prima faci[e] evidence is sufficient to justify, but does not compel a finding by the jury that the verified, itemized statement of the account is correct.

G.S. 8-45 was designed to facilitate the collection of accounts not in dispute. *Bramco Elec. Corp. v. Shell*, 31 N.C. App. 717, 230 S.E. 2d 576 (1976). G.S. 8-45 provides:

In any actions instituted in any court of this State upon an account for goods sold and delivered, for rents, for services rendered, or labor performed, or upon any oral contract for money loaned, a verified itemized statement of such account shall be received in evidence, and shall be deemed prima facie evidence of its correctness.

Defendants contend the evidence introduced to show the account was not a verified itemized statement; hence, the evidence was insufficient to warrant submission of a jury instruction regarding prima facie evidence under this statute. We agree, but hold the error is harmless.

To make out prima facie evidence under G.S. 8-45, the account must not only be properly verified and itemized, it must also be stated so as to show an indebtedness. *Kight v. Harris*, 33 N.C. App. 200, 203, 234 S.E. 2d 637, 639 (1977). The two statements attached to the complaint showing amounts due for services rendered are not properly verified. In court, plaintiff introduced evidence of eight pages of unverified computer printout, a computer tabulation of all work performed by the law firm on the action *Cooper Funding, Ltd. v. Eugene Franklin and Sophia Franklin* during the entire time at issue. The services shown are itemized by date, nature of service rendered, time worked and name of the attorney who performed the service. This computer tabulation was the firm's method of billing and was thus made in the regular course of business. Mr. McKay was familiar with the system and the particular pages of printout entered into evidence. The pages of printout were made near the time the work was done. The statements attached to the complaint were based upon the unverified computer printout. Hence, the statements and printout are not admissible as verified itemized statements under G.S. 8-45. It was error to instruct the jury on

an account stated pursuant to G.S. 8-45. However, this evidence was admissible under the business records exception to the hearsay rule. *Bond Park Truck Service, Inc. v. Hill,* 53 N.C. App. 443, 281 S.E. 2d 61 (1981). Because evidence of the account was admissible and because the jury was correctly instructed on the law pertaining to an account stated by an implied agreement, this error is rendered harmless.

[5]   In defendants' last Assignment of Error defendants contend there is no basis for establishing the indebtedness as to defendant Eugene Franklin and that the judgment against him is error. Allegation No. 2 of defendants' answer stated, "It is admitted that legal services were rendered for Defendants by the law firm named Santora, Shenkman, and Kushel in regard to the civil action [in New York]." Admissions are binding upon the parties. *Crowder v. Jenkins,* 11 N.C. App. 57, 180 S.E. 2d 482 (1971). We deem this admission of receipt of legal services binding on defendant Eugene Franklin. Further, both statements on account were sent by the law firm to "Sophia and Eugene Franklin." Defendant Eugene Franklin failed to object to owing plaintiff for services rendered on his behalf. On both grounds, defendants' last Assignment of Error is overruled.

No error.

Chief Judge HEDRICK and Judge WHICHARD concur.