J. J. SANDERS AND WIFE v. A. F. MAY AND W. R. GRIFFIN,
ADMINISTRATORS, ETC.

(Filed 28 February, 1917.)

1. **Mortgages — Sales—Agreements to Purchase — Statute of Frauds — Res Judicata—Estoppel—Intervenor—Subsequent Encumbrance.**

Where a mortgagor of lands has attempted to carry out on alleged arrangement with another that he will bid in a part of the land at a price sufficient to pay off the lien, and it appears that there was no writing to bind such other person to the alleged transaction, and it results in his denying the right of such other to bid in the land for him, which the court sustains without appeal taken, resulting in a resale of the land to pay the mortgage debt; thereafter a second encumbrancer may not intervene and set up the same matter, contending that the first mortgage had been satisfied, and ask that the junior mortgage and the sale thereunder be accordingly set aside.

2. **Judgments Final.**

A judgment is final which decides the case upon its merits without reservation for other and future directions of the court.

3. **Mortgage Sales—Proceeds—Judicial Sales—In Custodia Legis.**

The proceeds of a sale of lands under a power thereof contained in a mortgage are not in *custodia legis*, or subject to its control, as in judicial sales.

CIVIL ACTION pending in Superior Court of NASH County and heard by *Stacy, J.,* May Term, 1916, upon motion by B. E. Morgan for leave to intervene. His Honor denied the motion and also dismissed the action without prejudice to the right of said Morgan to proceed otherwise as he may be advised. From said judgment the petitioner Morgan and the plaintiffs appealed.

*Jacob Battle for plaintiffs and petitioner.*
*O. B. Moss, F. S. Spruill for defendants.*

BROWN, J. It appears from the pleadings and affidavits in the record that on 25 January, 1908, plaintiffs borrowed from the defendant bank $2,000 and gave to secure it a deed of trust to W. H. Griffin, trustee, conveying three lots or parcels of land in Spring Hope, described in the pleadings. W. H. Griffin, trustee, died before the foreclosure of the deed of trust and A. F. May and another qualified as his executors. The plaintiffs kept the interest paid up on said loan until on or about 19 April, 1913, at which time the bank demanded its money, no part of which, except the interest, had been paid and all of which was long since due.

There were negotiations between plaintiff and one H. L. Griffin for the purchase of one of the lots conveyed in the deed in trust, viz.: Lot No. 112, Block 2, in the plat of Spring Hope.

At request of the plaintiff, this lot alone was sold under the power contained in the deed to make title, and, according to affidavit of Attorney Moss, he bid it off at $2,000, at plaintiff's request, for Griffin, who, as plaintiff stated to Moss, had agreed to buy the property at that price. Griffin refused to take the property and we find no legal contract binding him to do so. The bank afterwards had the three lots advertised at foreclosure sale to realize on its debt.

This action was brought by plaintiffs to enjoin perpetually any foreclosure and to cancel the deed in trust upon the ground that the debt was discharged by the first sale. We see nothing to support that claim, but in any event the matter was heard by Carter, J., on 25 June, 1915, who rendered judgment passing upon all the contentions of the parties to the action, and dissolved the injunction. This judgment is set out in the record and appears to dispose of the rights of all parties to the action. No appeal was taken.

The three lots were duly advertised and sold under the deed in trust and it appears that Morgan, the intervenor, was present and participated in the bidding.

After said sale, on 1 May, 1916, Morgan, trustee, in a subsequent encumbrance, filed his petition asking leave to intervene and that the sale be set aside and the first deed in trust canceled. The petition pre-

sents practically the same grounds asserted by plaintiff and disposed of by the Carter decree.

The matter was heard by Stacy, J., at May Term, 1916, who denied the petition and dismissed the action without prejudice to Morgan's right to bring an independent action, if so advised.

We think his Honor was correct in his view of the case. The judgment of Judge Carter had already disposed of the case and had been acquiesced in by all parties to the action.

"A judgment is final which decides the case upon its merits, without any reservation for other and future directions of the court, so that it is not necessary to bring the case again before the court." *Bunker v. Bunker,* 140 N. C., 18.

No intervenor should at that late day be permitted to come in and have the same controversy heard and determined for the second time. The lots were duly sold under the deed in trust. The sale was not a judicial sale made under a decree of court, and the proceeds of the sale are not in *custodia legis.*

We agree with the learned judge below that if the intervenor, Morgan, is advised that he has a cause of action against the defendants, he should assert his rights in an independnt action.

The judgment of the Superior Court is

Affirmed.