GOUGER & VENO, INC. v. DIAMONDHEAD CORPORATION

No. 7620SC8

(Filed 5 May 1976)

1. Contracts § 29— loss of profits — requirements for recovery

Prospective profits, prevented or interrupted by breach of contract, are properly the subject of recovery when it is made to appear (1) that it is reasonably certain that such profits would have been realized except for the breach of the contract, (2) that such profits

Gouger & Veno, Inc. v. Diamondhead Corp.

can be ascertained and measured with reasonable certainty, and (3) that such profits may be reasonably supposed to have been within the contemplation of the parties, when the contract was made, as the probable result of the breach.

2. **Contracts § 29; Damages § 15— breach of contract — lost profits — insufficient evidence — nominal damages awarded**

In an action to recover lost profits which plaintiff alleged it suffered because of defendant's breach of a contract with plaintiff, the trial court did not err in limiting plaintiff's recovery to nominal damages, since plaintiff failed to present sufficient evidence for the jury to determine with reasonable certainty an amount plaintiff should recover for lost profits.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 27 August 1975 in Superior Court, MOORE County. Heard in the Court of Appeals 14 April 1976.

In this action plaintiff seeks to recover lost profits in the sum of $39,266.30 which it alleges it suffered because of defendant's breach of a contract with plaintiff.

In its complaint plaintiff alleges in pertinent part: On 13 January 1973, it entered into a contract with defendant to perform the labor in connection with the electrical wiring of a large number of condominiums being constructed by defendant at Pinehurst, N. C. The contract covered all condominiums scheduled for completion during 1973. In May of 1973, defendant instructed plaintiff not to perform any further labor on the construction project and proceeded to employ another electrical contractor to perform the work.

Defendant filed answer in which it denied entering into or breaching any contract with plaintiff.

Following the presentation of plaintiff's evidence, pertinent portions of which are hereinafter summarized, defendant moved for a directed verdict pursuant to Rule 58. The court denied the motion "except as to actual damage." Defendant presented no evidence.

Issues as to (1) the existence of a contract, (2) breach of the contract, and (3) amount of damage, if any, were submitted to the jury with instructions that if they reached the third issue, they would award only nominal damages. The court instructed that nominal damages "consists of some trivial amount such as one cent or one dollar in recognition of a technical damage resulting from the breach."

The jury answered the first two issues in favor of plaintiff and the third issue in the sum of one cent. Plaintiff appealed.

*Seawell, Pollock, Fullenwider, Van Camp & Robbins, P.A., by P. Wayne Robbins, for plaintiff appellant.*

*Boyette and Boyette, by M. G. Boyette, Jr., for defendant appellee.*

BRITT, Judge.

By its sole assignment of error, plaintiff contends the court erred in not instructing the jury on, and submitting the issue as to, actual damages. We find no merit in the contention.

[1]    The specific question presented is whether plaintiff introduced sufficient evidence to sustain its claim for loss of profits. Plaintiff argues, and we agree, that prospective profits, "prevented or interrupted by breach of contract, are properly the subject of recovery when it is made to appear (1) that it is reasonably certain that such profits would have been realized except for the breach of the contract, (2) that such profits can be ascertained and measured with reasonable certainty, and (3) that such profits may be reasonably supposed to have been within the contemplation of the parties, when the contract was made, as the probable result of the breach." *Perkins v. Langdon,* 237 N.C. 159, 171, 74 S.E. 2d 634, 644 (1953).

In 22 Am. Jur. 2d, Damages, § 296, pp. 392-393, we find: "Where the plaintiff sues for profits lost because of the refusal of the defendant to permit him to complete a contract, he has the burden of proving such profits, including the constituent elements entering into the cost to him of doing the work." Quoted with approval in *Peaseley v. Coke Company,* 282 N.C. 585, 606, 194 S.E. 2d 133, 147 (1973).

[2]    We think plaintiff failed on requirement (2) stated above and that it did not present sufficient evidence for the jury to determine with reasonable certainty an amount plaintiff should recover for lost profits.

Plaintiff presented evidence tending to show: After the agreement was signed on 17 January 1973, plaintiff had five people report for work the following Monday. Later on it *probably* had as many as fifteen assigned to the job, but at *some point* the number was reduced to thirteen, which was the

Gouger & Veno, Inc. v. Diamondhead Corp.

number on the job in early May 1973. The number of employees plaintiff had working on the job varied from time to time, anywhere from twelve to fifteen after the work "got going." After May plaintiff discharged all but two of its employees.

Plaintiff determined its profits on its account with defendant for four months of 1973 as follows: In February the total bill was $4,152.10; plaintiff's expense for labor and "other costs" amounted to $3,615.00 leaving a profit of $537.10. In March the total bill was $3,806.00 with a profit of $842.00. In April the total bill was $12,104.16 with a profit of $4,582.16. In May the total bill was $10,225.12 with a net profit of $4,194.12.

Plaintiff's evidence fell far short of providing the jury with information upon which they might determine loss of profits with reasonable certainty. For example, plaintiff presented no evidence tending to show what its wage scale for the remaining months of 1973 would have been and how it would have compared with the four preceding months; how its "other costs" in determining profits for the remainder of 1973 would have compared with the four previous months; and how many employees plaintiff could have counted on to perform work during the remainder of the year. Had the jury attempted to project profits on a percentage basis, they would have found no solid pattern as the profit for February was approximately 13 percent of the gross, for March approximately 22 percent, for April approximately 38 percent, and for May approximately 41 percent.

We hold that the trial court did not err in limiting plaintiff's recovery to nominal damages.

No error.

Judges VAUGHN and ARNOLD concur.