ROBERT M. McBRIDE v. APACHE CAMPING CENTER, INC., AND BOBBY DE-
WAYNE TALBERT

No. 7721SC198

(Filed 16 May 1978)

1. **Damages § 3.5— breach of contract—lost profits recoverable**

   N. C. courts have often held that lost profits are a proper subject of
   recovery for breach of contract where it is reasonably certain that such profits
   would have been realized except for the breach, the amount of such profits can
   be ascertained and measured with reasonable certainty from the evidence
   presented, and such profits may be reasonably supposed to have been within
   the contemplation of the parties at the inception of the contract.

2. **Damages § 16.3— lost profits—evidence insufficient—consideration by jury im-
   proper**

   In an action to recover damages for breach of contract to repair plaintiff's
   motor home which he used in his business of raising, breeding and showing
   dogs, the trial court erred in allowing the jury to consider possible lost profits
   as an element of damages, since the evidence of lost profits consisted of
   testimony by an expert in small business cost accounting concerning the prob-
   able success of plaintiff's dogs at shows, the increased hiring out of plaintiff's
   dogs for stud services as a result of these successes, and the ability of plain-
   tiff's female dogs to bear litters of puppies to be sold in a general market
   susceptible to fluctuations, and any estimate of plaintiff's expected profits
   based on such evidence would be based solely on speculation.

APPEAL by defendant Apache Camping Center, Inc. from *Col-
lier, Judge.* Judgment entered 29 October 1976 in Superior Court,
FORSYTH County. Heard in the Court of Appeals 13 January 1978.

Plaintiff instituted this civil action to recover damages for
the alleged failure of defendants properly to perform their con-
tract to repair plaintiff's 1973 Dodge Pace-Arrow Motor Home
[hereinafter "motor home"].

The evidence adduced at trial tended to show that plaintiff
and his wife Dr. Alyce McBride, a veterinarian by profession,
owned and operated a business which consisted of raising,
breeding and showing miniature schnauzers. As an integral part
of the business, plaintiff owned a motor home specially outfitted
for transporting his dogs to American Kennel Club sanctioned
dog shows up and down the east coast.

In November 1973 the motor home was extensively damaged
in an automobile collision. In early December plaintiff entered

into a contract with defendant Apache Camping Center for repair of the damaged motor home wherein defendant was to pick up the motor home once the necessary parts became available and to repair and return it to plaintiff within two weeks thereafter.

Defendant Apache took possession of the motor home before the necessary parts arrived and retained possession from early December 1973 until July 1974, except for a brief period in March 1974 when plaintiff's wife used the motor home to honor a previous commitment. During this period, plaintiff contacted defendant Apache through its agents on a weekly basis and was repeatedly assured that the necessary parts were expected any day and repairs would be completed within the week.

In July 1974 plaintiff demanded return of the motor home and used it for a year thereafter, although it was in an incomplete state of repair.

A jury trial was had on plaintiff's action before Judge Collier. At the end of plaintiff's evidence, the individual defendant Bobby Talbert was dismissed from the action pursuant to a directed verdict entered in his favor. The jury returned a verdict in favor of plaintiff awarding him $4,000.00 for damages arising out of the breach of contract. Defendant appealed.

*David B. Hough, for the plaintiff.*

*Hatfield and Allman, by J. W. Armentrout, for the defendant.*

MARTIN, Judge.

This appeal deals solely with the determination of damages in the instant case and, through the several assignments of error brought forward by defendant, raises the question of the propriety, upon the evidence presented, of submitting to the jury the issue of damages without restriction as to the alternative methods to be considered in computing the same.

In the instant case, plaintiff sought to place before the jury three alternative methods for computing the measure of damages — loss of profits, loss of use of the motor home and diminution in value of the motor home. Defendant, through its motions for directed verdict, attempted to limit the jury's consideration of

these various methods of computation to diminution in value only. These motions were denied and the issue of damages was submitted to the jury with a general instruction encompassing each of the three alternative methods of computing damages.

Defendant now contends that the trial court erred in denying its motion for a directed verdict and allowing the jury to consider possible lost profits as an element of damages. It argues that plaintiff's evidence provides an insufficient basis from which lost profits can be reasonably determined. We are constrained to agree.

[1] Our courts have often held that lost profits are a proper subject of recovery for breach of contract where it is reasonably certain that such profits would have been realized except for the breach, the amount of such profits can be ascertained and measured with reasonable certainty from the evidence presented, and such profits may be reasonably supposed to have been within the contemplation of the parties at the inception of the contract. *Perkins v. Langdon*, 237 N.C. 159, 74 S.E. 2d 634 (1953); *Gouger & Veno, Inc. v. Diamondhead Corp.*, 29 N.C. App. 366, 224 S.E. 2d 278 (1976). Evidence of these essential factors must be sufficiently specific so as to provide a factual basis from which damages can be reasonably determined; evidence permitting no more than speculation or conjecture is insufficient. *Weyerhaeuser Co. v. Supply Co.*, 292 N.C. 557, 234 S.E. 2d 605 (1977). *Tillis v. Cotton Mills*, 251 N.C. 359, 111 S.E. 2d 606 (1959).

[2] In the instant case, plaintiff's evidence of lost profits consisted of the testimony of Jack Ferner, an expert in small business cost accounting. His projections as to probable lost profits sustained by plaintiff as a result of the unavailability of the motor home were based upon such factors as the probable success of plaintiff's dogs at shows, the increased hiring out of plaintiff's dogs for stud services as a result of these successes, and the ability of plaintiff's female dogs to bear litters of puppies to be sold in a general market susceptible to fluctuations. We are of the opinion that this evidence provides no basis for an award of damages for lost profits, since any estimate of plaintiff's expected profits must on the evidence presented, be based solely upon speculation. Thus, it was error to allow the jury to consider possible lost profits as an element of damages and the verdict returned must be vacated.

In reaching this decision, we are not inadvertent to the competent evidence of other pecuniary losses sustained by plaintiff as a natural and probable result of defendant's breach, including the expense of hiring professional dog handlers and the diminution in fair market value of the motor home as a result of defendant's failure properly to repair it. However, because an improper element of damages was placed before the jury and the jury's verdict provides no basis for ascertaining which of the several methods of computing damages it relied upon, a partial new trial as to the issue of damages must be awarded. In this respect, we note that an appellate or trial court has discretionary authority to award such a partial new trial when it is clear that the error in assessing damages did not affect the determination of the issue of liability. *See Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974); *Crawford v. Manufacturing Co.*, 88 N.C. 554 (1883).

For the reasons indicated, the judgment is vacated and the cause is remanded for a new trial on the issue of damages.

Remanded for partial new trial.

Judges PARKER and ARNOLD concur.