INDUSTRIAL & TEXTILE PIPING, INC. v. INDUSTRIAL RIGGING SERV-
ICES, INC.

No. 8326SC811

(Filed 3 July 1984)

**1. Appeal and Error § 57.2— conclusiveness of findings on appeal**

When a trial court sits without a jury, its findings of fact have the force
of a jury verdict and are conclusive on appeal if supported by competent
evidence, even though there may be contrary evidence.

**2. Contracts § 3— informal express contract—sufficiency of evidence**

The trial court could properly conclude that the parties entered into an in-
formal express contract, despite the lack of the formal document contemplated
by the parties, where there was evidence that plaintiff accepted defendant's
bid for an equipment rigging subcontract and ordered defendant to "man" the
job; the parties agreed to the specific tasks defendant was to complete, to a
time schedule for performance, and to payment terms; plaintiff sent a letter of
intent to defendant to solidify their mutual understanding and agree on an ad-
justed price to be paid to defendant; the letter stated that plaintiff would
"complete and meet for the formal contract signing" once the general contract
was formally signed; defendant commenced work, and plaintiff made the first
payments; and defendant subsequently refused to sign plaintiff's written sub-
contract on the ground that it contained new terms to which defendant had
not agreed and would not agree.

**3. Contracts § 12— subcontract—terms of general contract not incorporated
therein**

A subcontract did not necessarily incorporate the terms and conditions of
the general contract where the trial court found that defendant subcontractor
never agreed to be bound by the terms of the general contract.

**4. Contracts § 20.2— prevention of performance by defendant**

Where plaintiff and defendant entered into an informal subcontract, plain-
tiff tendered a subcontract form to defendant which incorporated the terms
and conditions of the general contract, defendant refused to sign the subcon-
tract form because it contained terms to which defendant had not agreed,
plaintiff wrote defendant a letter directing defendant either to sign the sub-
contract form or to terminate its work for plaintiff, and defendant left the job
as requested by plaintiff, the trial court properly found that plaintiff
prevented defendant from fully performing the subcontract and that defend-
ant's departure from the job was not a breach on its part.

**5. Quasi Contracts and Restitution § 1.1— express contract—no recovery in quan-
tum meruit**

Quantum meruit is an appropriate measure of damages only for breach of
an implied contract, and no contract will be implied where an express contract
covers the same subject matter.

**6. Contracts § 29.2— breach of subcontract—measure of damages**

The appropriate method for calculating damages for a general contractor's breach of a subcontract would be to determine lost profits by subtracting all of defendant subcontractor's actual expenses and expenses which would have been incurred pursuant to full performance from the price of the adjusted subcontract bid, to which would be added any additional expenditures which were contemplated in the subcontract and actually incurred.

**7. Quasi Contracts and Restitution § 2— extra work not specified in subcontract —recovery in quantum meruit**

A quantum meruit recovery would be proper for the reasonable value of extra work performed by a subcontractor for the general contractor which was not specified in the subcontract.

**8. Appeal and Error § 25— improper cross-assignment of error**

Defendant appellee's cross-assignment of error that it was entitled to a greater recovery than it received is essentially an attack on the judgment rather than an "alternative basis in law for supporting the judgment" and was not properly before the Court of Appeals. App. Rule 10(d).

APPEAL by plaintiff from *Sitton, Judge*. Judgment entered 23 September 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 May 1984.

Plaintiff, a general contractor, sued defendant, its equipment erection subcontractor on a job, for breach of the subcontract. It sought to recover costs which it incurred in completing the equipment rigging which defendant had been hired to perform. Defendant counterclaimed for services rendered to plaintiff.

The trial court, sitting without a jury, made findings of fact and conclusions of law, and entered judgment for defendant in the amount of $17,670.03 plus interest. Plaintiff appeals.

*Boyle, Alexander, Hord and Smith, by Norman A. Smith, for plaintiff appellant.*

*Helms, Mullis & Johnston, by Norvin K. Dickerson, III, and Catherine E. Thompson, for defendant appellee.*

WHICHARD, Judge.

[1] Plaintiff contends that since the court concluded that the parties had an express subcontract, it erred in not finding that the subcontract incorporated the terms of the general contract between plaintiff and the project owner. The conclusion that the

parties made a "verbal contract" was based on findings to the effect that communications and conduct between the parties manifested a mutual assent. The court found, *inter alia*, that:

> The services rendered by the defendant and the material it furnished to the project prior to the date the defendant was forced to leave the job were furnished in reliance on the plaintiff's acceptance of the defendant's bid, on plaintiff's representations to the defendant and on the plaintiff's letter of intent to the defendant.

Ample evidence supports this and related findings. When a trial court sits without a jury, its findings of fact have the force of a jury verdict and are conclusive on appeal if supported by competent evidence, even though there may be contrary evidence. *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E. 2d 368, 371 (1975).

[2] The findings are supported by evidence which showed the following:

Plaintiff accepted defendant's bid for the equipment rigging subcontract and ordered defendant to "man" the job. The parties agreed to the specific tasks defendant was to complete, to a time schedule for performance, and to payment terms.

Plaintiff sent a letter of intent to defendant to "solidify [their] mutual understanding" and agree on an adjusted price to be paid to defendant. The letter stated that plaintiff would "complete and meet for the formal contract signing" once the general contract was formally signed.

Defendant commenced work, and plaintiff made the first payments. Defendant subsequently refused to sign plaintiff's written subcontract, however, on the ground that it contained new terms to which defendant had not agreed and would not agree.

This constituted evidence from which the court could conclude that an informal contract existed, even in the absence of a formal written document. *See* 1 W. Jaeger, *Williston on Contracts* §§ 17-21 (3d ed. 1957); *see also* 1 A. Corbin, *Contracts* § 30, at 100-03 (1963), which states:

> Often a subcontractor submits a bid, in accordance with prepared plans and specifications, for the prime contractor's

use in obtaining the principal contract; the latter's acceptance of the bid may consummate the subcontract even though it is not reduced to a formal instrument as was contemplated; the terms may be sufficiently definite and complete.

The parties' failure to reach agreement on the written subcontract does not preclude the conclusion that an express contract existed. In *Bank v. Wallens*, 26 N.C. App. 580, 217 S.E. 2d 12, *cert. denied*, 288 N.C. 393, 218 S.E. 2d 466 (1975), this Court held that a contract could exist on the basis of a "memorandum agreement" which the parties intended to serve as an agreement until "proper complete documents" could be drawn. Similarly, the court could conclude that the conduct of the parties and letter of intent here created a contract despite lack of the formal document which the parties contemplated. *See also Frank Horton & Co. v. Cook Electric Co.*, 356 F. 2d 485 (7th Cir.), *cert. denied*, 384 U.S. 952, 16 L.Ed. 2d 548, 86 S.Ct. 1572 (1966).

[3]   We find no merit in plaintiff's contention that the subcontract necessarily incorporated the terms and conditions of the general contract between plaintiff and the owner. Plaintiff tendered a subcontract form which incorporated the terms and conditions of the general contract. Defendant rejected the form. Plaintiff argues that despite defendant's rejection thereof, defendant was nonetheless bound by the terms and conditions in the form, since it had notice that under the general contract specifications plaintiff was required to impose such terms in the subcontract. The trial court found, however, that defendant never agreed to be bound by the terms of the general contract addressed to plaintiff. That finding is supported by competent evidence indicating that defendant never expressly agreed to the terms in question, and specifically objected to such terms when plaintiff tried to make them express in the subcontract form.

[4]   Plaintiff wrote defendant a letter, which was introduced at trial, directing defendant either to sign the subcontract form or to terminate its work for plaintiff. Because the subcontract form contained terms to which defendant had not agreed, and which would be detrimental to it, defendant left the job as requested by plaintiff. The trial court's findings based on this evidence fully support its conclusions that (1) plaintiff prevented defendant from fully performing the contract, and (2) defendant's departure from the job was not a breach on its part.

[5]  The trial court ruled that defendant was entitled to damages based on *quantum meruit* for plaintiff's breach of the contract. *Quantum meruit* is an appropriate measure of damages only for breach of an implied contract, and no contract will be implied where an express contract covers the same subject matter. *Beckham v. Klein*, 59 N.C. App. 52, 58, 295 S.E. 2d 504, 507-08 (1982). Since the court properly found and concluded that an express contract existed, it erred in awarding damages based on *quantum meruit*.

[6]  The measure of damages for breach of express contract in North Carolina has been stated as an amount which reasonably may be supposed to have been contemplated by the parties when they entered the contract, or which will compensate the injured party as if the contract had been fulfilled. *Weyerhaeuser Co. v. Supply Co.*, 292 N.C. 557, 560-61, 234 S.E. 2d 605, 607 (1977). Such damages may include lost profits if shown with sufficient certainty. *Id.; see also Willis v. Russell and Freeman*, 68 N.C. App. 424, 315 S.E. 2d 91 (1984). An appropriate method for calculating damages here would be to subtract all of defendant's actual expenses, and expenses which would have been incurred pursuant to full performance, from the price of the adjusted or modified subcontract bid. This would determine lost profits, to which any additional expenditures which were contemplated in the subcontract and actually incurred could be added to reach the final damages figure. *See Frank Horton & Co., supra*, 356 F. 2d at 491-92; 5 A. Corbin, *Contracts* § 1031, at 194-95 (1964) (judgment for both profits and expenditures "entirely proper . . . provided that sufficient care is taken to avoid giving a double recovery for the same element of harm"). Plaintiff would be entitled to a credit against that sum for payments already made.

[7]  Defendant also alleged performance of extra work for plaintiff which was not specified in the subcontract. If the trial court finds that such work was performed, a *quantum meruit* recovery for its reasonable value would be proper. *Hood v. Faulkner*, 47 N.C. App. 611, 615-16, 267 S.E. 2d 704, 706 (1980).

Defendant raises two issues through cross-assignments of error. N.C. R. App. P. 10(d) provides that cross-assignments of error may be brought forward to challenge "any action or omission of the trial court . . . which deprived the appellee of an alternative

basis in law for supporting the judgment." While defendant properly brings forward its argument regarding alternative bases for finding plaintiff liable, we need not address the argument, since we have found no error in the conclusion that plaintiff is liable for breach of an express subcontract.

[8] Defendant also argues that it is entitled to a greater recovery than it received. This argument is essentially an attack on the judgment rather than an "alternative basis in law for supporting the judgment." It therefore is not properly before this Court. *Stevenson v. North Carolina Dept. of Ins.*, 45 N.C. App. 53, 56-57, 262 S.E. 2d 378, 380-81 (1980). Further, our holding that the court improperly calculated defendant's damages, and the remand for proper calculation hereinafter made, effectively grant defendant the opportunity to obtain the relief it seeks by this argument.

With the exception of the portions relating to calculation of defendant's damages, the judgment is affirmed. The portions relating to calculation of defendant's damages are vacated, and the cause is remanded for modification of the judgment to contain an appropriate calculation.

Affirmed in part, vacated in part, and remanded.

Judges WEBB and HILL concur.