ROBERT F. CATOE, SR. v. HELMS CONSTRUCTION & CONCRETE CO., A
NORTH CAROLINA PARTNERSHIP, GARY W. MYERS, AN INDIVIDUAL, AND CON-
NIE HELMS MYERS, AN INDIVIDUAL

No. 8826SC88

(Filed 4 October 1988)

1. Contracts § 27.3— insufficiency of evidence of lost profits

Plaintiff, who allegedly agreed to provide cost estimates, supervision,
equipment, and laborers on concrete construction jobs to be performed by
defendant, failed to establish an essential element of his case, the amount of
damages for lost profits, and the trial judge was therefore correct as a matter
of law in peremptorily instructing the jury that no more than nominal damages
could be awarded on plaintiff's breach of express contract claim where there
was no evidence showing the actual costs incurred in each of the seven jobs in
question; evidence of proceeds, but not profits, was presented for only three of
the seven jobs; plaintiff alleged that defendant failed to produce certain
documentary evidence subpoenaed by plaintiff, but plaintiff sought no sanc-
tions and failed to call defendant as an adverse witness; plaintiff's estimates of
both the costs and proceeds for most of the jobs did not provide a sufficient
basis for the jury to determine lost profits; and when a prima facie case of
breach of contract is made out, but there is not evidence upon which a jury
could base a damage award, the injured party is still entitled to nominal
damages.

2. Quasi Contracts and Restitution § 2— express contract found—quantum meruit
claim not considered—no error

The trial court did not err in instructing that, if the jury found an express
contract between the parties providing that plaintiff would furnish expertise,
supervision, equipment and laborers on concrete construction jobs to be per-
formed by defendant, it could not consider plaintiff's quantum meruit claim for
expenses incurred in furnishing materials and equipment and paying laborers'
wages, since a party may not recover for both a breach of an express contract
and for quantum meruit based on the same subject matter.

APPEAL by plaintiff from *Frank W. Snepp, Judge.* Judgment
entered 20 August 1987 in Superior Court, MECKLENBURG Coun-
ty. Heard in the Court of Appeals 29 August 1988.

*Winfred R. Ervin, Jr., for plaintiff-appellant.*

*William D. McNaull, Jr., for Gary W. Myers, defendant-appellee.*

*Connie Helms Myers, pro se.*

BECTON, Judge.

Plaintiff, Robert Catoe, brought this action seeking $26,988.85 in damages ($24,000 for lost profits and $2,988.85 for out-of-pocket expenses) for breach of an express contract, or, in the alternative, recovery in the same amount in *quantum meruit.* Catoe appeals from judgment entered on a jury verdict awarding him nominal damages, assigning as error certain peremptory instructions to the jury. We find no error in the instructions and affirm the judgment.

I

Plaintiff Catoe alleged in his Complaint that he entered into an agreement with defendant Helms Construction & Concrete Company (Helms Construction), a partnership owned by defendants Gary Myers and Connie Helms Myers. Under the terms of the alleged agreement, Catoe was to provide (1) his expertise in preparing cost estimates on concrete construction jobs to be performed by Helms Construction, and (2) supervision, equipment, and laborers on the jobs as needed. In exchange, Catoe was to receive 50% of the profits earned on each job and reimbursement for expenses incurred.

The only evidence offered at trial of an agreement between the parties was a copy of a written contract. The contract, typed on a pre-printed form entitled "Proposal, Helms Construction Co.," consisted of the following typewritten words:

I Gary Myers manager of Helms Construction Co. agree to work with R. F. Catoe, Sr. to sell and estimate jobs for my company. I agree to split any profit on each job at 50%-50% split.

The contract, dated November 12, 1983, was signed by Gary Myers and by Catoe. Catoe produced no evidence of an oral or written agreement regarding reimbursement of expenses.

At trial, Catoe's evidence tended to show the following. Pursuant to the agreement, Catoe prepared estimates for defendants of the cost of seven concrete construction jobs and recommended a contract price for each. When work on these jobs began, Catoe paid wages to some of the laborers, and supplied certain materials and equipment. Catoe testified that he incurred out-of-pocket expenses on these jobs ranging from $3,094.25 to $3,294.25. Catoe offered no evidence of the actual profits earned by defendants on any of the jobs.

Defendant Gary Myers did not testify on his own behalf, nor was he called as an adverse witness by Catoe.

The issues submitted to the jury were framed in the alternative, as were the allegations in the Complaint. The trial judge peremptorily instructed the jury that it could reach Catoe's implied contract claim only if it found no express contract between the parties:

> . . . [I]f you have answered Issue Number 1 no, that is you do not find an expressed [sic] contract, then you will . . . consider Issue Number 5: Did the Plaintiff, Robert F. Catoe, pay for labor and materials to the Defendant, Helms Construction & Concrete Company, pursuant to an implied contract? . . . [I]f you find that there is an expressed [sic] contract . . . then there can be no recovery on any implied contract.

The judge further instructed the jury as to the amount of damages recoverable for breach of express contract:

> . . . I instruct you that there is no evidence before you as to the profit on any of the construction jobs which have been mentioned in the testimony. Therefore, in this case I instruct you that if you . . . find that Mr. Catoe did render services to Helms Construction Company pursuant to the terms of this expressed [sic] contract, it being admitted that he has not been paid for any services, then you will answer this issue in some nominal amount, such as One Dollar. I instruct you that the Plaintiff, under the evidence of this case, is not entitled to recover more than nominal damages on this issue.

The jury answered the issues relevant to this appeal as follows:

1. Did the Plaintiff, Robert F. Catoe, enter into an express contract with the Defendant, Helms Construction & Concrete Company, as alleged in the Complaint?

ANSWER: Yes.

2. If so, what amount of damages is the Plaintiff, Robert F. Catoe, entitled to recover from the Defendant, Helms Construction & Concrete Company, for the breach of said express contract?

ANSWER: $1.00.

. . .

5. Did the Plaintiff, Robert F. Catoe, pay for labor and materials to the Defendant, Helms Construction & Concrete Company, pursuant to an implied contract?

ANSWER: No answer.

6. If so, what amount is the Plaintiff, Robert F. Catoe, entitled to recover from the Defendant, Helms Construction & Concrete Company, for breach of said implied express contract?

ANSWER: No answer.

Catoe's assignments of error to the peremptory instructions will be addressed in order.

## II

[1] Catoe first argues that he presented sufficient evidence of lost profits to have been considered by the jury and, thus, that the trial judge erred in peremptorily instructing the jury to award only nominal damages for breach of express contract. We agree with the trial judge that Catoe failed to present sufficient evidence of lost profits, and we conclude that the peremptory instructions were proper.

## A

The measure of damages for breach of express contract is an amount which reasonably may have been contemplated by the parties when they entered into the contract, or which will compensate the injured party as if the contract had been fulfilled.

*Weyerhaeuser Co. v. Supply Co.,* 292 N.C. 557, 560-61, 234 S.E. 2d 605, 607 (1977). Lost profits may be recovered only when they "can be ascertained and measured with reasonable certainty." *Gouger & Veno, Inc. v. Diamondhead Corp.,* 29 N.C. App. 366, 368, 224 S.E. 2d 278, 279 (1976). A party must present evidence, not mere speculation, to recover lost profits. *Meares v. Nixon Construction Co.,* 7 N.C. App. 614, 623, 173 S.E. 2d 593, 599 (1970). Actual costs are subtracted from the proceeds of a transaction to calculate lost profits. *See Industrial & Textile Piping, Inc. v. Industrial Rigging Services, Inc.,* 69 N.C. App. 511, 515, 317 S.E. 2d 47, 50 (1984), *disc. rev. denied,* 312 N.C. 83, 321 S.E. 2d 895 (1984).

Our review of the record reveals no evidence from which Catoe's lost profits could be determined in the first instance, let alone "with reasonable certainty." Evidence introduced at trial of the proceeds defendants received on the construction jobs was at best incomplete, with evidence of proceeds (not profits) presented for only three of the seven jobs. The record is completely devoid of evidence showing the actual costs incurred in each job.

In his brief, Catoe explains that the absence of such evidence at trial is due to defendant Gary Myers' failure to produce certain documentary evidence subpoenaed by Catoe. The record reveals that no sanctions against Mr. Myers for this alleged failure were sought or imposed, and that Catoe failed to call Myers as an adverse witness to directly elicit this information on the stand.

B

Although Catoe offered no evidence at trial of the actual costs of each job, he did offer his estimates of both the costs and proceeds for most—but not all—of the construction jobs. Catoe contends on appeal that these estimates provide a sufficient basis for the jury to determine lost profits. We disagree. In *Meares v. Nixon Construction Co.,* this court held that an estimate of anticipated profits does not provide an adequate factual basis for a jury to ascertain the measure of damages. 7 N.C. App. at 622, 173 S.E. 2d at 600. In our view, Catoe merely speculated as to the precise costs incurred and profits earned.

C

When a *prima facie* case of breach of contract is made out, but there is no evidence upon which a jury could base a damage

award, the injured party is still entitled to nominal damages for invasion of his legal rights. *Robbins v. C. W. Myers Trading Post, Inc.*, 251 N.C. 663, 666, 111 S.E. 2d 884, 886 (1960); *Cole v. Sorie*, 41 N.C. App. 485, 490, 255 S.E. 2d 271, 274 (1979), *disc. rev. denied*, 298 N.C. 294, 259 S.E. 2d 911 (1979). It is not error to limit recovery to nominal damages when evidence is insufficient for the jury to determine lost profits with reasonable certainty. *Gouger & Veno*, 29 N.C. App. at 369, 224 S.E. 2d at 280.

A peremptory instruction to the jury is proper when all evidence points in the same direction with but a single inference to be drawn as a matter of law. *Myers v. Myers*, 68 N.C. App. 177, 181, 314 S.E. 2d 809, 813 (1984). *See* Phillips, *McIntosh North Carolina Practice and Procedure* Sec. 1516 (Supp. 1970). We conclude that Catoe failed to establish an essential element of his case, the amount of damages for lost profits, and that, as a result, the trial judge was correct as a matter of law in peremptorily instructing the jury that no more than nominal damages could be awarded on the express contract claim.

### III

[2] Catoe next argues that the issue of reimbursement of out-of-pocket expenses was not addressed by the parties' written agreement. He assigns error to the trial court's instruction that, if the jury found an express contract between the parties, it could not consider Catoe's *quantum meruit* claim for expenses incurred in furnishing materials, equipment, and paying laborers' wages.

### A

It is well established that in the absence of an express contract, a plaintiff may recover in *quantum meruit* on an implied contract theory for the reasonable value of services and materials rendered to and accepted by a defendant. *Ellis Jones, Inc. v. Western Waterproofing Co., Inc.*, 66 N.C. App. 641, 647, 312 S.E. 2d 215, 218 (1984); *see Bryan Builders Supply v. Midyette*, 274 N.C. 264, 271, 162 S.E. 2d 507, 512 (1968). It is equally well-settled in North Carolina that there can be no recovery for breach of implied contract when an express contract covers the same subject matter. *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713, 124 S.E. 2d 905, 908 (1962); *Industrial & Textile Piping*, 69 N.C. App. at 515, 317 S.E. 2d at 50; *Beckham v. Klein*, 59 N.C.

Catoe v. Helms Construction & Concrete Co.

App. 52, 58, 295 S.E. 2d 504, 508 (1982). "It is only when parties do not expressly agree that the law interposes and raises an implied promise." *Vetco Concrete*, 256 N.C. at 713, 124 S.E. 2d at 908 (citations omitted); *Keith v. Day*, 81 N.C. App. 185, 198, 343 S.E. 2d 562, 570 (1986), *rev. dismissed*, 320 N.C. 629, 359 S.E. 2d 466 (1987) (citations omitted).

Liberal pleading rules permit pleading in the alternative. *See* N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 8 (Supp. 1987); *Hall v. Mabe*, 77 N.C. App. 758, 760, 336 S.E. 2d 427, 429 (1985). However, it is not necessary to plead *quantum meruit* "in the alternative" unless the claim is based on the same subject matter as the express contract claim, since one cannot recover on both claims. *See Keith*, 81 N.C. App. at 199, 343 S.E. 2d at 571. Consequently, it is error to submit an alternative implied contract claim to the jury when an express contract has been proved. *See id.; Vetco Concrete*, 256 N.C. at 715, 124 S.E. 2d at 909.

Catoe argues that the express contract and *quantum meruit* claim for reimbursement of expenses are not the same subject matter. This argument is untenable in light of Catoe's pleadings and evidence. In Counts I to VII of the Complaint, Catoe pled breach of express contract seeking damages for lost profits and various out-of-pocket expenses. In Count VIII, captioned "*Quantum Meruit*," Catoe incorporated by reference Counts I to VII, seeking recovery for the same services and resources he provided to defendants pursuant to the alleged express contract. Only on appeal does Catoe separate his implied contract claim for expenses from his implied contract claim for lost profits.

Catoe grounded his entire claim for $26,988.85—which includes a demand for reimbursement of expenses—on an express contract. In the event that he could not prove an express contract, Catoe sought the same amount in the alternative in *quantum meruit*. Catoe succeeded in proving the existence of an express contract at trial. He cannot now successfully assert on appeal that his implied contract claim should have been considered by the jury simply because his express contract claim yielded only nominal damages.

## B

Finally, Catoe failed to demonstrate whether reimbursement of expenses was—or was not—to be covered by the written con-

Seaberry v. W. T. Bridgers Contract Labor

tract introduced at trial. No evidence of a separate oral or written agreement regarding reimbursement was produced. Catoe suggests in his brief that the trial judge improperly excluded evidence of such an agreement because he viewed it as parol evidence varying the terms of the express contract. While Catoe's contention may have some merit, *see Williams & Associates v. Ramsey Products Corp.*, 19 N.C. App. 1, 4, 198 S.E. 2d 67, 69 (1973), *cert. denied*, 284 N.C. 125, 199 S.E. 2d 664 (1973), Catoe assigned no error to this ruling, and therefore it will not be reached on appeal. *See* N.C. R. App. P. 10.

We hold that none of the trial judge's instructions were in error.

No error.

Judges WELLS and PHILLIPS concur.