RICKY C. NORRIS AND TERESEA L. NORRIS, PLAINTIFFS V.
JASON CAMERON NORRIS, DEFENDANT V. ELIZABETH MIDKIFF, INTERVENOR

IN THE MATTER OF THE ADOPTION OF: J.N., A MINOR

No. COA09-1329

(Filed 20 April 2010)

**Adoption— subject matter jurisdiction—district court and clerk of superior court**

The district court lacked subject matter jurisdiction to review and declare void orders from the superior court clerk setting aside adoption decrees where the clerk's orders were both interlocutory and not appealed by plaintiffs. At that point, the adoptions were pending and contested by the maternal grandmother, and should have been transferred to district court. The matter was remanded for the clerk of superior court to determine whether the adoptions are still contested and, if so, to transfer the proceedings to district court.

**NORRIS v. NORRIS**

[203 N.C. App. 566 (2010)]

Appeal by intervenor from orders entered 1 June 2009 by Judge Lee W. Gavin in Randolph County District Court. Heard in the Court of Appeals 22 March 2010.

*Joyce L. Terres for plaintiffs-appellees.*

*Jason Cameron Norris, pro se, defendant-appellee.*

*Kilpatrick Stockton LLP, by Adam H. Charnes and Richard D. Dietz; Legal Aid of North Carolina, Inc., by Brenda Bergeron, Janet McAuley Blue, and Suzanne Chester, for intervenor-appellant.*

HUNTER, Robert C., Judge.

Intervenor Elizabeth Midkiff appeals from orders entered by the district court (1) declaring void prior orders by the clerk of superior court that set aside the adoption decrees involving the minor children in this case and (2) dismissing all claims and declaring void all prior custody orders regarding the children. We agree with Ms. Midkiff's principal argument that the district court lacked subject-matter jurisdiction to review the superior court clerk's orders setting aside the adoption decrees. Consequently, we vacate the district court's orders and remand the case to the superior court clerk.

## Facts

Defendant Jason Cameron Norris and his wife Jennifer Leann Norris are the biological parents of C.N. (born September 2003) and J.N. (born December 2006). Jennifer Norris died on 24 March 2008 and Jason Norris was subsequently charged with first degree murder in connection with her death. On 31 March 2008, while Jason Norris was incarcerated awaiting trial, his parents, plaintiffs Ricky C. Norris and Teresea L. Norris, filed a complaint seeking custody of the minor child. In an order entered 9 April 2008, the district court granted custody of the children to the Norrises.

On 27 June 2008, the Norrises filed petitions with the clerk of superior court to adopt both C.N. and J.N. The Norrises did not provide notice to Ms. Midkiff, the children's maternal grandmother, of their petitions for adoption. On 4 August 2008 Ms. Midkiff filed a motion to intervene in the custody action and a motion in the cause for visitation. On 9 September 2008, the Norrises filed a motion to waive the 90-day time limit for disposition of adoption petitions. On 11 September 2008, the clerk entered an order waiving the 90-day

time limit and entered decrees of adoption allowing the Norrises to legally adopt C.N. and J.N. The Norrises also filed on 11 September 2008 a motion to dismiss Ms. Midkiff's motion to intervene and motion for visitation.

On 17 November 2008, the clerk of superior court entered orders setting aside the adoption decrees, stating:

> It has come to the attention of the undersigned that there is a visitation hearing pending in the Civil Division filed by the maternal grandparent and Notice was not given of th[ese] adoption proceeding[s] to the maternal grandparent. Therefore th[ese] Adoption[s] should be set aside.

> IT IS THEREFORE ORDERED that the Decree[s] of Adoption [are] hereby set aside and Notice shall be given to the maternal grandparent before the Decree[s] can be entered.

After entry of the clerk's orders setting aside its adoption decrees, the Norrises served Ms. Midkiff with notice of their petitions for adoption. Ms. Midkiff subsequently filed a second motion to intervene and a second motion for visitation. On 27 February 2009, the district court entered an order allowing Ms. Midkiff's motion to intervene in the custody action and appointing a guardian *ad litem* for the children. That same day, the district court also entered an order consolidating the custody and adoption actions.

On 20 April 2009, Ms. Midkiff filed an amended motion for visitation and a motion for custody. The Norrises filed a motion on 4 May 2009 seeking reinstatement of the adoption decrees. Also on 4 May 2009, Ms. Midkiff filed a motion pursuant to Rule 60(b) of the Rules of Civil Procedure seeking to set aside the 9 April 2008 custody order.

After conducting a hearing on the Norrises' motion to reinstate the adoption decrees, the district court entered an order on 1 June 2009, in which the court concluded that the clerk of superior court lacked authority to enter the orders setting aside its own adoption decrees. Consequently, the district court declared that the clerk's 17 November 2008 orders were void and that the 11 September 2008 adoption decrees remained valid. The district court entered another order on 1 June 2009 concluding that since "the minor children who are the subject of this [custody] action have been legally adopted by the [Norrises], this court has no jurisdiction regarding any

issue in this case." The district court, therefore, dismissed the custody action and declared void all previous custody orders. Ms. Midkiff timely appeals to this Court from both of the district court's 1 June 2009 orders.

## Discussion

Ms. Midkiff argues on appeal that the district court lacked subject-matter jurisdiction to review the superior court clerk's orders setting aside the adoption decrees. Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal. *Harper v. City of Asheville*, 160 N.C. App. 209, 213, 585 S.E.2d 240, 243 (2003). Subject-matter jurisdiction "involves the authority of a court to adjudicate the type of controversy presented by the action before it." *Haker-Volkening v. Haker*, 143 N.C. App. 688, 693, 547 S.E.2d 127, 130, *disc. review denied*, 354 N.C. 217, 554 S.E.2d 338 (2001). Subject-matter jurisdiction derives from the law that organizes a court and cannot be conferred on a court by action of the parties or assumed by a court except as provided by that law. *In re Peoples*, 296 N.C. 109, 144, 250 S.E.2d 890, 910 (1978), *cert. denied sub nom. Peoples v. Judicial Standards Comm'n of N.C.*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). "When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, *i.e.*, as if it had never happened." *Hopkins v. Hopkins*, 8 N.C. App. 162, 169, 174 S.E.2d 103, 108 (1970).

Ms. Midkiff contends that the district court lacked the authority to declare the clerk's 17 November 2008 orders void since no appeal was taken from those orders. N.C. Gen. Stat. § 48-2-607(b) (2009) provides in pertinent part that "[a] party to an adoption proceeding may appeal a final decree of adoption entered by a clerk of superior court to district court by giving notice of appeal as provided in G.S. 1-301.2." N.C. Gen. Stat. § 1-301.2 (2009), in turn, provides in part that "a party aggrieved by an order or judgment of a clerk that *finally disposed* of a special proceeding, may, within 10 days of entry of the order or judgment, appeal to the appropriate court for a hearing de novo." N.C. Gen. Stat. § 1-301.2(e) (emphasis added).

Here, the Norrises did not appeal the clerk's 17 November 2008 orders setting aside the adoption decrees. Indeed, after the clerk entered the orders, the Norrises provided notice of the adoption proceedings to Ms. Midkiff as directed by the clerk's orders. Thus, the district court did not obtain jurisdiction to review the clerk's orders pursuant to an appeal under N.C. Gen. Stat. § 48-2-607(b). Because

the Norrises did not appeal the clerk's 17 November 2008 orders, they remained in effect. *See* N.C. Gen. Stat. § 1-301.2(e) ("The order or judgment of the clerk remains in effect until it is modified or replaced by an order or judgment of a judge.").

More importantly, however, the clerk's orders setting aside the adoption decrees did not "finally dispose[]" of the adoption proceedings for purposes of N.C. Gen. Stat. § 1-301.2(e), but rather continued the matter until Ms. Midkiff received notice. The clerk's orders setting aside the adoption decrees were interlocutory, and, therefore, not appealable pursuant to N.C. Gen. Stat. § 1-301.2(e). *See, e.g., Sanders v. May,* 173 N.C. 47, 49, 91 S.E. 526, 527 (1917) ("A judgment is final which decides the case upon its merits, without any reservation for other and future directions of the court, so that it is not necessary to bring the case again before the court." (citation and internal quotation marks omitted)). As the district court did not have jurisdiction to review the clerk's orders pursuant to an appeal, the district court's order is void. Accordingly, we vacate the district court's 1 June 2009 orders invalidating the clerk's 17 November 2008 orders, reinstating the adoption decrees, and dismissing the custody action.

After the clerk set aside the adoption decrees, the Norrises provided notice to Ms. Midkiff of the adoption proceedings and the district court granted her motion to intervene in the custody action. Ms. Midkiff then filed a motion to consolidate the adoption proceedings with the custody action. At that point, because the adoption action was still pending with the clerk and Ms. Midkiff contested the adoptions, the clerk was required to transfer the adoption proceedings to district court for adjudication. *See* N.C. Gen. Stat. § 48-2-601(a1) (2009) ("If an issue of fact, an equitable defense, or a request for equitable relief is raised before the clerk, the clerk shall transfer the proceeding to the district court under G.S. 1-301.2."); N.C. Gen. Stat. § 1-301.2(b) ("[W]hen an issue of fact, an equitable defense, or a request for equitable relief is raised in a pleading in a special proceeding or in a pleading or written motion in an adoption proceeding, the clerk shall transfer the proceeding to the appropriate court.").

Here, in this case, the clerk did not enter an order pursuant to N.C. Gen. Stat. § 48-2-601(a1) transferring the adoption action to the district court. We, therefore, remand this case to the clerk of superior court to determine whether the adoption action is still contested, and, if so, to transfer the adoption proceedings to district court for a

**NORRIS v. NORRIS**

[203 N.C. App. 566 (2010)]

hearing under N.C. Gen. Stat. § 48-2-603 (2009) to determine whether adoption by the Norrises is in the best interests of the children.

Vacated and remanded.

Judges McGEE and ERVIN concur.