IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-882

Filed 06 June 2023

Mecklenburg County, No. 21 CVS 17412

JESSEY SPORTS, LLC, Plaintiff,

v.

INTERCOLLEGIATE MEN'S LACROSSE COACHES ASSOCIATION, INC., Defendant.

Appeal by Plaintiff from an order entered 27 May 2022 by Judge Lisa C. Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 April 2023.

*Devore, Acton & Stafford, P.A., by Joseph R. Pellington, Corey V. Parton, and Walton H. Walker, for Plaintiff.*

*Ekstrand & Ekstrand LLP, by Robert C. Ekstrand, for Defendant.*

WOOD, Judge.

We are asked to review an interlocutory order granting a dismissal, pursuant to Rule 12(b)(6), of claims alleging unjust enrichment and violations of the Wage and Hour Act. For the reasons outlined below, we affirm the dismissal of the Wage and Hour Act claim and reverse the dismissal of the unjust enrichment claim.

## I.    Background

The Intercollegiate Men's Lacrosse Coaches Association ("IMLCA") entered a contract with Jessey Sports, LLC in 2020. The Contract provided that Jessey Sports would obtain sponsorships, grants, and other sources of revenue for the IMLCA for a

term of five years; however, either party could terminate the contract upon ninety days' notice. The IMLCA agreed to pay Jessey Sports $3,000 per month and thirty percent of net revenue received from sponsorships and grants obtained by Jessey Sports.

In August 2021, the IMLCA notified Jessey Sports of its intent to terminate their contract. On 28 October 2021, Jessey Sports filed an action to recover money allegedly owed for the months of July through November under allegations of breach of contract, unfair and deceptive trade practices, violation of the Wage and Hour Act, and unjust enrichment. The IMLCA moved to dismiss these four claims under Rule 12(b)(6) for failure to state claims upon which relief could be granted. On 27 May 2022, the trial court denied the motion to dismiss the breach of contract and unfair and deceptive trade practices claims but granted the motion to dismiss the Wage and Hour Act and unjust enrichment claims. Jessey Sports appeals from the order granting the IMLCA's motion to dismiss these latter two claims.

## II. Jurisdiction

Though the trial court dismissed the Wage and Hour Act and unjust enrichment claims, it did not dismiss the remaining two claims. The trial court's dismissal order, therefore, is not a final judgment upon which appeal as of right may ordinarily be taken. N.C. Gen. Stat. § 7A-27(b)(1) (2022). "A judgment is final which decides the case upon its merits, without any reservation for other and future directions of the court, so that it is not necessary to bring the case again before the

court." *Sanders v. May*, 173 N.C. 47, 49, 91 S.E. 526, 527 (1917) (citation omitted).

Instead, the order is interlocutory. "An interlocutory order is one made during the

pendency of an action, which does not dispose of the case, but leaves it for further

action by the trial court in order to settle and determine the entire controversy."

*Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

There are two circumstances under which an interlocutory order may be

appealed.

> First, the trial court may certify [pursuant to N.C. Gen.
> Stat. § 1A-1, Rule 54(b)] that there is no just reason to delay
> the appeal after it enters a final judgment as to fewer than
> all of the claims or parties in an action. Second, a party
> may appeal an interlocutory order that affects some
> substantial right claimed by the appellant and will work
> an injury to him if not corrected before an appeal from the
> final judgment.

*Davis v. Davis*, 360 N.C. 518, 524-25, 631 S.E.2d 114, 119 (2006) (internal citations

and quotation marks omitted).

The trial court here did not certify the order for immediate appeal; we therefore

look to see if the dismissal order "affects some substantial right." *Id.* Jessey Sports

asserts that the order affects a substantial right in that it presents the risk of

inconsistent verdicts stemming from two separate trials upon the same facts and

issues. We agree.

"[T]he right to avoid the possibility of two trials on the same issues is a

substantial right that may support immediate appeal." *Alexander Hamilton Life Ins.*

*Co. of Am. v. J&H Marsh & McClennan, Inc.*, 142 N.C. App. 699, 701, 543 S.E.2d 898, 900 (2001) (citing *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982)). However, this rule is abrogated when "there are no factual issues common to the claim determined and the claims remaining." *Id.*

We agree with Plaintiff that the Wage and Hour Act claim involves the same underlying facts as the breach of contract claim. These common facts include the parties' contractual relationship with each other and the same alleged misconduct.

As in *Panos v. Timco Engine Center, Inc.*, "[i]f we dismiss Plaintiff's appeal with respect to the N.C. Wage and Hour Act claim and a later appeal is successful, Plaintiff will be required to present the same evidence of Defendant's breach of the employment agreement that he will present on his remaining breach of contract claim." 197 N.C. App. 510, 515, 677 S.E.2d 868, 873 (2009). This Court reviewed that interlocutory order due to the risk that "the same evidence [might] be presented to different juries on the same factual issue, which could result in inconsistent verdicts." *Id.* We likewise hold that an appeal of the trial court's dismissal order here affects a substantial right due to the risk of inconsistent verdicts from two different trials on the same factual issues and therefore review the merits of Plaintiff's appeal pursuant to N.C. Gen. Stat. § 7(b)(3)(a). In our discretion, we also address the merits of the unjust enrichment claim "[i]n the interests of judicial economy." *Id.*

### III.   Standard of Review

We review *de novo* orders granting motions to dismiss under Rule 12(b)(6).

*Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 248, 628 S.E.2d 427, 428 (2006). "Under a *de novo* standard of review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Reese v. Mecklenburg Cnty.*, 200 N.C. App. 491, 497, 685 S.E.2d 34, 38 (2009). When reviewing an order granting a motion to dismiss under Rule 12(b)(6), we must determine whether "the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Block v. Cnty. of Person,* 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (quoting *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E2d 838, 840 (1987)). Dismissal is proper "when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cnty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002).

## IV.    Discussion

Jessey Sports argues that it was an "employee" of the ICMLA such that the trial court erred in dismissing Jessey Sports' claim under the Wage and Hour Act. Jessey Sports further argues that the trial court erred in dismissing its claim for unjust enrichment despite the presence of an express agreement between the parties. We review each of these arguments in turn.

**A. Wage and Hour Act**

The Wage and Hour Act applies to employer-employee relationships. N.C. Gen. Stat. § 95-25.1(b) (2022). Under this act, "employer" is defined broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." § 95-25.2(5). A "person," as used here, can include "an individual, partnership, association, corporation," and other entities. § 95-25.2(11). An "employee," by contrast, is defined more narrowly as "any *individual* employed by an employer." § 95-25.2(4) (emphasis added). Jessey Sports argues that, though it is a limited liability corporation, it is considered an "individual" and thus an "employee" under the Wage and Hour Act so as to be afforded the same benefits. Put another way, Jessey Sports claims to have been an employee of the ICMLA. We disagree.

This Court and our Supreme Court have never held that a corporate entity is considered an "individual" under the Wage and Hour Act, and we refuse to do so now. Indeed, to do so would subvert the plain language of the statute. Though the Wage and Hour Act includes entities such as corporations in its definition of "employer," entities are notably absent from the definition of "employee." This interpretation is consistent with this Court's holding that "a corporation is not an individual under North Carolina law." *HSBC Bank USA v. PRMC, Inc.*, 249 N.C. App. 255, 259, 790 S.E.2d 583, 586 (2016).

Jessey Sports attempts to support its position by citing to certain federal caselaw that hold a corporation could be considered an employee under the similar Fair Labor Standards Act. However, we find this reasoning unpersuasive. Jessey

Sports lacked standing to bring this claim, and the trial court properly dismissed it.

## B. Unjust Enrichment

Jessey Sports next argues that the trial court improperly dismissed its claim for unjust enrichment. Generally, "where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair compensation." *Krawiec v. Manly*, 370 N.C. 602, 615, 811 S.E.2d 542, 551 (2018) (quoting *Atl. Coast Line R.R. Co. v. State Highway Comm'n*, 268 N.C. 92, 95-96, 150 S.E.2d 70, 73 (1966)). Our Supreme Court in *Booe v. Shadrick* summarized the law supporting a claim for unjust enrichment as follows:

> A claim of this type is neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law. A quasi contract or a contract implied in law is not a contract. The claim is not based on a promise but is imposed by law to prevent an unjust enrichment. If there is a contract between the parties the contract governs the claim and the law will not imply a contract.

322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). "Under a claim for unjust enrichment, a plaintiff must establish certain essential elements: (1) a measurable benefit was conferred on the defendant, (2) the defendant consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously." *Lake Toxaway Cmty. Ass'n v. RYF Enters., LLC*, 226 N.C. App. 483, 490, 742 S.E.2d 555, 561 (2013) (quoting *Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.*, 211 N.C. App. 252, 259-60, 712 S.E.2d 670, 677 (2011)).

Here, Jessey Sports included in its complaint allegations that it

> conferred upon [the IMLCA] a measurable benefit by providing services including, but not limited to, identifying and soliciting potential sponsors, negotiating and procuring sponsorship agreements, maintaining and enhancing relationships with current sponsors, and other performed work and conferred benefits as stated herein.
>
> [The IMLCA] was aware that [Jessey Sports] was furnishing it valuable services and consciously accepted, and continues to accept, the benefits of Plaintiff's work and performance.
>
> [Jessey Sports] did not provide its services to [the IMLCA] officiously or gratuitously.

From these, and other allegations, Jessey Sports asked that the trial court "[f]ind that [the IMLCA] committed breach of contract against [Jessey Sports] or, alternatively, that [the IMLCA] was unjustly enriched to [Jessey Sports's] detriment."

Taken as true, these allegations support the necessary elements for a claim of unjust enrichment and would allow the claim to survive a motion to dismiss under Rule 12(b)(6).

The IMLCA argues that the trial court properly dismissed the unjust enrichment claim because Jessey Sports also pleaded claims, such as the breach of contract claim, that alleged an express contract. Thus, the IMLCA argues that Jessey Sports cannot plead both unjust enrichment and breach of contract where one theory requires an implied contract and the other requires an express contract. We disagree.

In actions alleging breach of contract, plaintiffs may also plead unjust enrichment "in the alternative." *James River Equip., Inc. v. Mecklenburg Utils., Inc.*, 179 N.C. App. 414, 419, 634 S.E.2d 557, 560 (2006). This is consistent with our "[l]iberal pleading rules [which] permit pleading in the alternative." *Catoe v. Helms Constr. & Concrete Co.*, 91 N.C. App. 492, 498, 372 S.E.2d 331, 335 (1988).

Jessey Sports pleaded unjust enrichment "alternatively" to its breach of contract claim and alleged facts sufficient to support an unjust enrichment claim. We therefore hold that the trial court improperly dismissed Jessey Sports's claim for unjust enrichment.

## V.    Conclusion

The trial court properly dismissed Jessey Sports's Wage and Hour Act claim. However, it erred in dismissing the unjust enrichment claim for failure to state a claim upon which relief could be granted where the claim was made in the alternative to a breach of contract claim and otherwise alleged facts sufficient to support the claim. Consequently, we affirm the dismissal of the Wage and Hour Act claim, reverse the dismissal of the unjust enrichment claim, and remand to the trial court for further proceedings.


AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges GRIFFIN and GORE concur.